This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                     **NO. 34,383**

**PAUL NEWMAN,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Christina P. Argyers, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Santa Fe, NM
Sergio J. Viscoli, Assistant Appellate Defender
Albuquerque NM

for Appellant

## MEMORANDUM OPINION

**GARCIA, Judge.**

{1}     Defendant Paul Newman appeals from the district court's affirmance of his conviction for aggravated DWI, contrary to NMSA 1978, Section 66-8-102(D)(3) (2010). Unpersuaded by Defendant's docketing statement, we issued a notice of proposed summary disposition, proposing to affirm. Defendant has filed a memorandum in opposition to our notice. We remain unpersuaded and therefore affirm.

{2}     Defendant has raised two issues on appeal. First, he asserts that the State's failure to preserve the video recording of his field sobriety tests (FSTs) violated his right to due process and a fair trial. [DS 19; MIO 17-20] Second, Defendant challenges the sufficiency of evidence to support his conviction. [DS 19; MIO 21-24] In this Court's notice, relative to Defendant's first issue, we proposed to conclude that the trial court had not abused its discretion in denying Defendant's motion to suppress and that the remedy provided to him was adequate under the standards articulated in *State v. Chouinard*, 1981-NMSC-096, 96 N.M. 658, 634 P.2d 680. With respect to Defendant's second issue, we indicated that the district court's memorandum opinion, which addressed the same issues raised in this appeal, throughly detailed the relevant facts, and correctly set forth the applicable standards of review and relevant law. This Court therefore proposed to adopt portions of the district court's opinion. Persuaded that the district court's opinion was correct, we directed Defendant to demonstrate

why the district court's opinion and our reliance on it was incorrect if he wanted this Court to reach conclusions that differed from those reached by the district court.

**{3}** In response to our notice, Defendant reiterates the same arguments that he articulated in his docketing statement and in his statement of issues, [RP 161-66; MIO 17-24] which was considered by the district court below and by this Court prior to issuing our notice. Specifically, relevant to Defendant's first issue, he continues to assert that the remedy afforded to him was inadequate given that "the evidence of intoxication was not overwhelming" and since no breath test was conducted, "the video of the missing [field sobriety tests (FSTs) was] an important piece of evidence" that could have bolstered his testimony. [MIO 19] Additionally, Defendant continues to assert that there was insufficient evidence to sustain his DWI conviction and disputes his performance on the FSTs. [MIO 21-24]

**{4}** We are not persuaded by Defendant's arguments. These assertions were fully addressed by our notice and the district court's opinion, and Defendant has not presented any authority or argument that convinces this Court that our proposed disposition was incorrect. *See State v. Ibarra*, 1993-NMCA-040, ¶ 11, 116 N.M. 486, 864 P.2d 302 ("A party opposing summary disposition is required to come forward and specifically point out errors in fact and/or law."). Accordingly, for the reasons set forth above and in the district court's opinion, we affirm.

3

{5}     **IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____
**MICHAEL E. VIGIL, Chief Judge**

_____
**M. MONICA ZAMORA, Judge**